

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION, JACKSON

BARBARA SKINNER,

Plaintiff,

-vs-

BLUESTEM BRANDS, INC. d/b/a
FINGERHUT,

CASE NO.: 3:14cv256-CWR-FKB

Defendant.

_____/

## COMPLAINT

Plaintiff, BARBARA SKINNER, by and through her undersigned counsel, sues the Defendant, BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("FINGERHUT"), and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and cost.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 47 U.S.C. §227(b)(3), and 47 U.S.C. §227(c)(5).

4. Venue is proper in this District because the Plaintiff resides in this District (Newton County), the Defendant transacts business in Newton County, Mississippi, and the cause of action set forth herein occurred in this District.

1

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen of the State of Mississippi, residing in Newton County, Florida.

6. Defendant is a corporation and a citizen of the State of Delaware with its principal place of business at 6509 Flying Cloud Drive, Eden Prairie, Minnesota.

7. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Newton County, Mississippi.

8. Defendant, at all times material, was attempting to collect on an account and/or was making calls on a Fingerhut account, Account number ending in 3537 (hereinafter the "Account" and/or "debt"), for which Defendant was calling the Plaintiff's cellular telephone number.

9. Defendant made telephone calls and/or knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number over eighty (80) times a month, three (3) to five (5) times a day, from October, 2013 through January, 2014, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject Account and/or debt.

10. Upon information and belief, some or most of the calls the Defendant made to the Plaintiff were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C §227(a)(1) (hereinafter "autodialer calls"); as each time

Plaintiff answered one of Defendant's calls there would be a pause before someone would say hello and at other times an automated or prerecorded message would immediately begin to play.

11. On January 16, 2014, after receiving several of these autodialer calls, Plaintiff answered the call and told the Defendant to stop calling her on her cellular telephone. The autodialer calls did stop for approximately one week but then started again on January 23, 2014. Plaintiff once again spoke with a representative of Defendant on February 11, 2014, at approximately 7:05 pm, and repeated her demand that the Defendant stop calling her on her cellular telephone.

12. Each of the autodialer calls the Defendant made to the Plaintiff's cellular telephone number after January 23, 2014 was done so without the "prior expressed consent" of the Plaintiff.

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (601) 663-5161, and was the called party and recipient of Defendant's autodialer calls.

14. The autodialer calls from Defendant came from telephone numbers which included, but are not limited to: 800-503-2463, 877-503-6145 and 888-484-0242.

15. Despite twice informing Defendant to stop calling her, the Defendant's autodialer calls to Plaintiff's cellular telephone number continued.

16. The autodialer calls from Defendant continued approximately, on average, two (2) to four (4) times a day from January 23, 2013, until the filing of this complaint. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of autodialer calls made to Plaintiff over the relevant time period.

17. While Plaintiff did not keep detailed records of all the autodialer calls made by Defendant to Plaintiff's cellular telephone number, attached hereto as **Exhibit "A"** is a true and correct copy of a snapshot of some of Defendant's autodialer call frequency for the period of January 23, 2014 through February 24, 2014; showing approximately sixty-four (64) autodialer calls to Plaintiff's cellular telephone over just that period of time alone.

18. The Defendant either ignored Plaintiff's repeated requests to stop calling, or has a corporate policy to use an automatic telephone dialing system (including but not limited to a predictive dialer) or a pre-recorded or artificial voice, and to make autodialer calls just as they did to the Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the telephone number being called.

19. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond January 23, 2014, when Plaintiff first advised Defendant to stop calling Plaintiff's cellular telephone number.

20. Defendant's corporate policy is structured so as to ignore Plaintiff's requests to stop calling, and to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, advising Defendant to stop calling them.

21. Defendant's corporate policy provided no means for the Plaintiff to have her cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

22. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

4

23. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to the Plaintiff's cellular telephone.

24. Plaintiff did not expressly consent to Defendant's placement of autodialer calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system (including but not limited to a predictive dialer) or the use of an artificial or prerecorded voice prior to Defendant's placement of the calls, especially as to those calls made by Defendant to Plaintiff's cellular telephone number after January 23, 2014.

25. Due to Defendant's constant autodialer calls and demands for payment Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the "TCPA")

26. Plaintiff re-alleges and incorporates Paragraphs one (1) through twenty-five (25) above as if fully stated herein.

27. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A) of the TCPA.

28. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the TCPA with respect to Plaintiff by making autodialer calls to Plaintiff's cellular telephone number without Plaintiff's prior express consent.

29. Defendant willfully and/or knowingly violated the 47 U.S.C. § 227(b)(1)(A)(iii) of TCPA with respect to the Plaintiff, especially for each of the autodialer calls made to Plaintiff's cellular

telephone after Plaintiff notified Defendant on January 23, 2014, to stop calling Plaintiff on her cellular telephone number.

30. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system (including but not limited to a predictive dialer) or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages (of $500.00 per autodialer call made by Defendant), treble damages (of up to $1,500.00 per autodialer call made willfully or knowingly by Defendant), actual damages (if greater than the amount of statutory and treble damages), costs, interest, and any other such relief the court may deem just and proper.

*Omar L. Nelson*
*with Permission Terry Been*

/s/ *Omar L. Nelson*
**Omar L. Nelson, Esquire**
Mississippi Bar #: 100105
Morgan & Morgan, P.A.
188 East Capitol Street, Suite 777
Jackson, MS  39201
Tele: (601)949-3388
Fax: (601)949-3399
ONelson@ForThePeople.com
Attorney for Plaintiff

And,

/s/ *Michael J. Vitoria*
Michael J. Vitoria, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
Tampa, FL 33602

6

Tele: (813) 223-5505
Fax: (813) 223-5402
MVitoria@ForThePeople.com
afloyd@forthepeople.com
Florida Bar #: 0135534
Attorney for Plaintiff